1  CENTER FOR DISABILITY ACCESS
   Raymond G. Ballister, Jr. SBN 111282
2  Mark Potter, Esq., SBN 166317
   Phyl Grace, Esq. SBN 171771
3  Mail: PO Box 262490
        San Diego, CA 92196-2490
4  Delivery: 9845 Erma Road, Suite 300
        San Diego, CA 92131
5  (858) 375-7385; (888) 422-5191 fax
   Phylg @ potterhandy.com
6       Attorneys for Plaintiff

7
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA

11  **Francisco Duarte**,                **Case:** 2:14-CV-00029-ODW(Ex)

12          Plaintiff,                   **Plaintiff's Memorandum of Points and Authorities in Support of His Motion for Summary Judgment or, in the alternative, for Partial Summary Judgment**

13      v.

14  **M & L Brothers Pharmacy, Inc.**, a California Corporation; and Does 1-10,

15

16          Defendants.                  Date:  October 27, 2014
                                         Time:  1:30 P.M.
17                                       Ctrm:  11

18                                       Hon. Otis D. Wright II

19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES .......................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

   I. PRELIMINARY STATEMENT ........................................................... 1

   II. RELEVANT FACTS ............................................................................ 1

   III. LEGAL STANDARD .......................................................................... 2

   IV. THE LACK OF AN ACCESSIBLE PARKING SPACE ....................... 3

      A. Plaintiff is Disabled ......................................................................... 5

      B. Defendants Own, Operate, Lease or Lease to a Place of Public Accommodation ................................................................................ 5

      C. The Business Had Barriers That Were Readily Removed .............. 5

      D. The Plaintiff Encountered This Violation ....................................... 8

   V. THE LACK OF COMPLIANT PARKING WAS UNLAWFUL UNDER CALIFORNIA LAW ....................................................................... 8

   VI. REMEDIES ......................................................................................... 9

   VII. CONCLUSION ................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
    603 F.3d 666 (9th Cir. 2010) ................................................................... 4

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986) ................................................................................ 3

*Chapman v. Pier 1 Imports (U.S.) Inc.*
    631 F.3d 939 (9th Cir. 2011) ............................................................. 4, 6

*Cullen v. Netflix, Inc.*,
    880 F.Supp.2d 1017 (N.D. Cal. 2012) ................................................... 9

*D'Lil v. Best Western Encina Lodge & Suites*,
    538 F.3d 1031 (9th Cir. 2008) ............................................................... 8

*Doran v. 7-Eleven, Inc.*,
    524 F.3d 1034 (9th Cir. 2008) ............................................................... 8

*Moeller v. Taco Bell Corp.*
    816 F.Supp.2d 831 (N.D. Cal. 2011) ..................................................... 4

*Molski v. M.J. Cable, Inc.*,
    481 F.3d 724 (9th Cir. 2007) ................................................................. 9

*Rush v. Denco Enterprises, Inc.*,
    857 F. Supp. 2d 969 (C.D. Cal. 2012) ................................................... 6

**Statutes**

42 U.S.C. § 12102(2)(A) .............................................................................. 5
42 U.S.C. § 12181(7)(B) .............................................................................. 5
42 U.S.C. § 12181(7)(F) .............................................................................. 5
42 U.S.C. § 12188(a) ................................................................................... 5
42 U.S.C. §§ 12183(a)(2) ......................................................................... 4, 5
Cal. Civ. Code § 52(a) ................................................................................. 9

ii

Plaintiff's Opposition to MSJ                    Case: 2:14-CV-00029-ODW(Ex)


Cal. Civ. Code § 55.56(a) .................................................................................. 9

Cal. Civ. Code § 55.56(b) .................................................................................. 9

Civ. Code § 51 (f) .............................................................................................. 8

**Other Authorities**

Department of Justice, Technical Assistance Manual on the American
with Disabilities Act (BNA) §§ III-4.4100 (1991) .................................. 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. PRELIMINARY STATEMENT

This is a single issue case. Mr. Durarte, a wheelchair user, lives about 10 minutes from the defendants' pharmacy. When he went to fill a prescription, he discovered that there was not a single handicap parking space in the defendant's parking lot. He parked in a regular stall and was trapped out of his vehicle when he returned. He took photographs of the violation. He filed suit. The defendant has installed a handicap parking space but it is not quite compliant yet. Mr. Duarte seeks the parking space be fixed and a single penalty of $4,000. There is no genuine issue of material fact.

## II. RELEVANT FACTS

Plaintiff Francisco Duarte is a paraplegic; he cannot walk and uses a wheelchair for mobility. (SUF #1). Francisco Duarte drives a blue Toyota Sienna van with a lift that deploys from the passenger side permitting him to enter and exit his van in his wheelchair. (SUF #2). The plaintiff lives 10 minutes from the Victory Drug Store located at 17315 Bellflower Blvd., Bellflower, California. ("Victory Drug Store"). (SUF #3). His doctor's office is also about 10 minutes from this drug store. (SUF #4). Defendant M&L Brothers Pharmacy, Inc. owns and operates the Victory Drug Store. (SUF #6).

On or about August 2, 2013, the plaintiff went to the Victory Drug Store with a prescription from his doctor. (SUF #5). There is a small parking lot immediately outside of the west entrance of the Victory Drug Store. (SUF #7-8). Unfortunately, at the time of the plaintiff's visit, there was not a single parking space marked as reserved for persons with disabilities.

(SUF #9). The plaintiff parked in a regular parking stall and entered the Victory Drug to handle his business. (SUF #10).

When the plaintiff finished in the store and returned to his van, he discovered that there was a car parked in the stall adjacent to his and, therefore, there was not enough room to deploy his van's lift; he was trapped. (SUF #11). The plaintiff had little choice but to give a stranger his keys and ask him to move his van enough to let him deploy his lift. (SUF #12). The plaintiff was greatly discomforted by this experience and took photographs of the trapped van and the stranger moving it for him. (SUF #13); See Exhibit 4 (Photos), Photos 2-6.

Sometime after the date of plaintiff's visit, a handicap parking space was installed in this parking lot at the Victory Drug Store. (SUF #14). In September of 2014, Plaintiff's expert conducted a site inspection to determine if the parking space was compliant. Exhibit 3 (Bishop Dec), ¶ 6. Mr. Bishop discovered that there are slopes within the parking stall and access aisle that measure as high as 2.9% and 3.0%. (SUF #12). The parking is not yet compliant.

The Victory Drug store carries medical supplies and items specifically for persons with disabilities and Mr. Duarte enjoyed browsing the store and noted the numerous items (including ramps, specialty ramps, mobility devices and much more) that he would have reason to shop for in the future. Exhibit 2 (Plaintiff's Dec), ¶ 11. He declares that he is pleased to have discovered this store so close to his home and he looks forward to shopping it when the parking lot is compliant. (SUF #11).

### III.  LEGAL STANDARD

Pursuant to section 56 of the Federal Rules of Civil Procedure, a party can bring a motion for summary judgment where there is no genuine

2

Plaintiff's Opposition to MSJ                                    Case: 2:14-CV-00029-ODW(Ex)

1  dispute as to any material fact. Motions for summary judgment are not
2  "disfavored." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In the
3  present case, there can be no genuine dispute over the facts of the case and
4  those facts inform the court and the parties that it would be a waste of
5  judicial resources for this case to proceed to trial. There is no genuine issue
6  of material fact and this court should grant the plaintiff's motion. The
7  plaintiff stipulates to dismiss his Disabled Person and Negligence causes of
8  action (third and fourth causes of action) to ensure that this motion
9  disposes of the entire case.

### IV. THE LACK OF AN ACCESSIBLE PARKING SPACE

Under Title III of the Americans With Disabilities Act of 1990 ("ADA"), the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" can be misleading. The ADA applies not just to intentional discrimination but to thoughtlessness and indifference:

> Its passage was premised on Congress's finding that discrimination against the disabled is most often the product, not of invidious animus, but rather of thoughtlessness and indifference, of benign neglect, and of apathetic attitudes rather than affirmative animus. The concept of "discrimination" under the ADA does not extend only to obviously exclusionary conduct—such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a store's entrance. Rather, the ADA proscribes more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' "full and equal enjoyment" of places of public accommodation.

3

Plaintiff's Opposition to MSJ                                    Case: 2:14-CV-00029-ODW(Ex)

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944-45 (9th Cir. 2011) (internal quotes and citations removed for readability).

To succeed on his Title III, ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing*, *Chapman*, 631 F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers...in existing facilities...where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);
2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id.*;
3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;
4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily

    removed barrier that the defendants failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);

5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

As discussed below, Plaintiff's civil rights were violated because the defendants failed to provide accessible card readers at their fuel pumps. Plaintiff will discuss each element, seriatim.

### A.    Plaintiff is Disabled

The plaintiff is a man with severe mobility impairments who cannot walk and uses a wheelchair for mobility. (SUF #1). There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability). Given plaintiff's inability to walk, this is not a genuine issue.

### B.    Defendants Own, Operate, Lease or Lease to a Place of Public Accommodation

Stores and other sales establishments are identified under the ADA as places of public accommodation. 42 U.S.C. § 12181(7)(E). The Defendant owns and operates this place of public accommodation. (SUF #6). The defendant, therefore, has an obligation to comply with the anti-discrimination provisions of Title III of the Americans with Disabilities Act.

### C.    The Business Had Barriers That Were Readily Removed

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. §

12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.

Department of Justice, Technical Assistance Manual on the American with Disabilities Act (BNA) §§ III-4.4100 (1991). Case law is more specific. "To determine if Plaintiff describes an 'architectural barrier' the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." *Rush v. Denco Enterprises, Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted). "Any element in facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal position of the Department of Justice). These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches." *Id*. Here, the parking lot had barriers and continues to be non-compliant.

### 1. The Lack of Parking

Under the 1991 Standards, any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). According to the 1991 Standards, if a parking lot has between 1 and 25 spaces, it must have at least one van accessible parking space. 1991 Standards § 4.1.2(5)(a)-(b). Here, there is no question that one of the benefits, privileges, facilities or accommodations being provided to

6

the customers of the Victory Drug Store is parking. There are signs on the walls of the parking lot that state the parking is for Victory Drug. See Exhibit 4 (Photos), Photo 2-4. Additionally, when the new space was installed, a path was striped to the front door of the Victory Drug. *Id.* at photo 7.

But there was no such van accessible handicap parking space on the day of the plaintiff's visit. The plaintiff took photographs of the parking lot and of his van being trapped in a regular stall. Exhibit 4 (Photos), Photos 2-6. The parking simply failed to provide any handicap parking.

Installing a parking space is readily achievable. Not only does the Code of Federal Regulations places this task on the list of readily achievable actions (28 C.F.R. § 36.304(b)(18) but the defense has admitted that it is not raising a readily achievable defense. It was not raised in its Answer and, additionally, in responses to Interrogatories, the defense stated it was not contending that installing a compliant van accessible parking space was not readily achievable. See Exhibit 5 (Interrogatory Responses), Response No. 8. Additionally, the defendants have installed an almost compliant parking space.

In sum, the defendants failed to remove barriers that were readily removed and, therefore, violated the plaintiff's rights under the ADA.

    2.    *The Parking Has Not Been Fixed*

There has been a handicap parking space installed at the property. This resolves most of the problem. However, the parking space is not fully compliant. Because this parking space was installed in 2013, it must comply with the 2010 Standards. Under the 2010 Standards, changes in level are not permitted. 2010 Standards § 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for

wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. 2010 Standards § 502.4. Here, there are slopes that measure as much as 2.9% and 3.0% within the parking stall and access aisle. The parking space is not yet compliant.

### D. The Plaintiff Encountered This Violation

The plaintiff personally encounter this violation. Additionally, he intends to patronize the Victory Drug Store in the future when the parking lot is fully compliant. He has standing to seek a properly compliant space. "Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008). "We have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

In sum, there has been a violation of the American with Disabilities Act.

### V. THE LACK OF COMPLIANT PARKING WAS UNLAWFUL UNDER CALIFORNIA LAW

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51 (f). "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and

the DPA." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski*, 481 F.3d at 731. As discussed above under section "IV", the defendants violated the ADA. Thus, there has been a per-se violation of Unruh.

## VI.  REMEDIES

The plaintiff seeks both injunctive relief and statutory damages. Under the ADA, the plaintiff is entitled to injunctive relief. 42 U.S.C. § 12188(a). Such injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities" to the extent required by the ADA. *Id.* at 12188(a)(2).

Statutory damages can be recovered for a violation of the Unruh Civil Rights Act "if the violation denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. § 55.56(a). A denial of full and equal access takes place where a plaintiff "personally encountered" the violation and it resulted in "difficulty, discomfort or embarrassment." Cal. Civ. § 55.56(b). In the present case, all these elements are met. (SUF #13).

The lack of accessible parking failed to meet the access standards. Mr. Duarte personally encountered the access standards violation and it created difficulty, discomfort and embarrassment for him. There are no genuine issues in dispute here and the plaintiff is entitled to the statutory award of $4,000 under the Unruh Civil Rights Act. See Cal. Civ. § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

Plaintiff's Opposition to MSJ                                      Case: 2:14-CV-00029-ODW(Ex)

**VII. CONCLUSION**

The plaintiff respectfully requests this Court grant his motion.

Dated: September 29, 2014     CENTER FOR DISABILITY ACCESS

/s/ Mark Potter
By:_____
Mark Potter, Esq.
Attorneys for Plaintiff