**LAW OFFICES OF STEPHEN ABRAHAM**
Stephen E. Abraham, Esq. (STATE BAR NO. 172054)
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorneys for DEFENDANT M&L BROTHERS PHARMACY, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DUARTE,<br><br>    *Plaintiff*,<br><br>v.<br><br>M&L BROTHERS PHARMACY, INC., a California limited liability company; a California corporation; and Does 1-10,<br><br>    *Defendant*. | Case No. CV 14-00029-ODW (Ex)<br><br>Hon. Otis D. Wright II<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom: 11<br><br>Hearing: Monday, October 27, 2014<br>Time: 1:30 p.m.<br><br>**Trial: January 6, 2015** |

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ................................................................. 1

II. RELEVANT FACTS ........................................................................................ 2
    1. The Claims Alleged in the Complaint are Moot ................................ 2
    2. Plaintiff's Claim Regarding the Pharmacy are False ........................... 4

III. LEGAL STANDARD ..................................................................................... 4
    1. Standard for Summary Judgment ....................................................... 4
    2. Plaintiff Can Only Advance Claims Alleged in the Complaint .......... 5

IV. DISCUSSION ................................................................................................. 6
    1. The Federal ADA Claim is Moot ....................................................... 6
        A. Federal Courts Only Hear Actual Cases or Controversies ........ 6
        B. There is no Longer any Basis for Relief under the ADA .......... 7
        C. Plaintiff's Attempt to Raise New Claims Should be Rejected ... 9
    2. There are Significant Triable Issues of Fact with Respect to Plaintiff's State Claims ....................................................... 9
        A. Plaintiff's Claims as to When He Visited Are Not Credible and are Critical to the Claim that *HE* Actually visited the Property ................................................................ 9
        B. Plaintiff's Claims That He Went to the Pharmacy Are Not Credible and Contradicted by Unequivocal Evidence ......... 11
        C. There is a Material Factual Disputes as to Whether Plaintiff Himself Ever Encountered a Barrier for which He is Entitled to Relief Under State Law ............................. 11

V. CONCLUSION ............................................................................................... 13

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .................................................................... 5, 11

*BC by & Through Powers v. Plumas Unified Sch. Dist.*,
    192 F.3d 1260 (9th Cir. 1999) ............................................................ 6

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................ 5

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) .............................................................................. 7

*County of Los Angeles v. Davis*,
    44 U.S. 625 (1979) .............................................................................. 7

*Dufresne v. Veneman*,
    114 F.3d 952 (9th Cir. 1997) .............................................................. 8

*Flast v. Cohen*,
    392 U.S. 83 (1968) .............................................................................. 6

*In re Oracle Corp. Sec. Litig.*,
    627 F.3d 376 (9th Cir. 2010) .............................................................. 5

*Independent Living Resources v. Oregon Arena Corp.*,
    982 F.Supp. 698 (1997) ...................................................................... 8

*Kohler v. Bed Bath & Beyond of Cal., LLC*,
    No. 11-01246, 2012 WL 2449928 (C.D. Cal. June
    27, 2012) ............................................................................................. 8

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472 (1990) ............................................................................ 6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................ 6, 8

*Mangual v. Rotger-Sabat*,
    317F. 3rd 45 (1st Cir. 2003) ............................................................... 6

*Moreno v. G&M Oil Co.*,
    88 F.Supp.2d 1116 (C.D. Cal. 2000) .................................................. 9

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ............................................................................ 7

*Oliver v. Ralphs Grocery Co.*,
    654 F.3d 903 (9th Cir. 2011) .......................................................... 5, 8

*Pickern v. Best Western Cove Lodge Marina Resort*,
    194 F.Supp.2d 1128 (E.D. Cal. 2002) ................................................ 8

*Steir v. Girl Scouts of the USA*,
   383F.3rd 7 (1st Cir. 2004) ..................................................................................6

*Wander v. Kaus*,
   304 F.3d 856 (9th Cir. 2002) .............................................................................7

**FEDERAL STATUTES**

42 U.S.C. § 12188 ........................................................................................................7

**FEDERAL RULES**

FED. R. CIV. PROC. 56 ..................................................................................................4

FED. R. CIV. PROC. 8 ....................................................................................................5

**FEDERAL TREATISES**

11 MOORE'S FEDERAL PRACTICE § 56.13[1] (2006 ed.) .............................................5

15 MOORE'S FEDERAL PRACTICE § 101.31 ................................................................8

15 MOORE'S FEDERAL PRACTICE § 102.32 ................................................................6

**STATE CASES**

*Mundy v. Pro-Thro Enterprises*,
   192 Cal. App. 4th Supp. 1 (2011) ...................................................................12

**STATE STATUTES**

CIVIL CODE §55.56 .....................................................................................................11

Disabled Persons Act, CIVIL CODE §§54 & 54.1 .......................................................11

Unruh Civil Rights Act, CIVIL CODE §§51 *et seq.* ....................................................11

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

# I.

# INTRODUCTION AND SUMMARY

Plaintiff, in his motion for summary judgment, claims this is a "single issue case."

That is a categorically false statement.

This *was* a two-issue case, revolving around whether a barrier exists for which injunctive relief under federal law exists; and (2) whether Plaintiff actually encountered a barrier for which he is entitled to relief against this Defendant.

The first issue implicates the only matter of federal law. Barriers *alleged in the complaint* do not exist. Defendant moved for summary adjudication of the federal claim and asked this Court to decline exercising supplemental jurisdiction over the state claims. Plaintiff, in a desperate attempt to rescue his fight for attorney fees, has, for the first time in his motion for summary judgment, raised entirely new claims. On Plaintiff's part, that is categorically improper.

The second issue is largely a matter of state law. Defendant asked this court to decline supplemental jurisdiction. Plaintiff claims that there is no triable dispute. Here, again, Plaintiff's argument is a false one.

Plaintiff claims that he encountered a barrier when he took a prescription to Defendant's *pharmacy* on *August 2, 2013*. But there are two factual problems.

Firstly, Defendant had paid for restriping of the parking lot after it was done on July 31, 2013. That raises a triable dispute as to whether Plaintiff himself was ever at the property and certain raises a question as to whether he was there on the date alleged under penalty of perjury.

Secondly and perhaps far more importantly, on August 2, 2013, there had been no pharmacy at the location for more than a month! By the beginning of July, the sale of the pharmacy to Walgreens had been concluded. All of the pharmaceutical products had been removed and all of the customer files had been transferred to Walgreens that was operating at an entirely different location.

That certainly raises a triable dispute as to whether any doctor would have sent Plaintiff to a closed pharmacy. But, even more importantly, it raises substantial doubt as to the veracity of Plaintiff's claims, not just of whether he went to Defendant's business with the intention of patronizing it but whether he ever went inside. The first question is essential to state a claim under state law; the second is more troubling, especially when given Plaintiff's claim that the pharmacy did not have his prescription (a clear misstatement of fact given that the building didn't have a pharmacy), coupled with a complete absence of any evidence of his ever going inside. He claimed to have taken pictures of the outside but, curiously did not take one of the inside![1]

Based on the foregoing, Defendant submits that the triable facts warrant denial of Plaintiff's motion and, furthermore, demonstrate the soundness of Defendant's motion and request to decline to exercise supplemental jurisdiction over the state claims.

## II.
## RELEVANT FACTS

**1.  THE CLAIMS ALLEGED IN THE COMPLAINT ARE MOOT**

Plaintiff filed his complaint on January 2, 2014. In the complaint, Plaintiff alleged the following alleged violations of building standards under the ADA:

(a) Only 2 designated parking spaces despite the parking lot having "more than 50 spaces in the two parking lots."
(b) Improper striping.
(c) No "No Parking" notification in the access aisles
(d) Parking spaces faded
(e) No pole-mounted signage.

(Complaint, ¶10) There were no other stated violations in the complaint.

Prior to that date, he had not provided any notice whatsoever to Defendant that he had attempted to patronize its business establishment. (DF1) Rather, the

---

[1] Perhaps for the obvious reason that "no pharmacy" would undermine his narrative.

first time Defendant learned even of Plaintiff's existence was when it was served with a complaint. Plaintiff never made a pre-litigation demand.[2] (DF1)

Plaintiff set forth in his complaint claims based on (1) the counting of parking spaces and, related thereto, accessible spaces; (2) striping; and (3) signage.

That said, most of the claims related to spaces outside of Defendant's control that are not part of Defendant's business.

While Plaintiff claims that all of the spaces in multiple parking lots should be included in the count of Defendant's parking spaces, there is no basis for such claim. Defendant has only seven assigned parking spaces for his business. (DF3) The parking spaces outside of Defendant's portion of the parking lot are out of Defendant's control. (DF6) Defendant did not put up the sign regarding "additional parking." Moreover, that sign does not indicate that there is additional parking for Defendant's business. Rather, the additional parking sign was put up by the owner of a bar in a near-by business served by the parking lots to advise and encourage his patrons to continue through Defendant's lot to the other parking areas. (DF8)

With respect to *Defendant's* parking spaces, as the pictures accompany this opposition (and previously attached to Defendant's motion) demonstrate, that is no longer the case. (DF2 through DF4)

There can be no dispute, based on the evidence submitted herewith, that the conditions of which Plaintiff complain*ed in his complaint do not exist*.[3]

---

[2] Plaintiff may argue that notice is not a pre-filing required. There is no dispute with that point. Rather, the fact goes to the question of whether this Court should exercise supplemental jurisdiction where it appears that Plaintiff preferred litigation over access.

[3] In fact, according to Plaintiff's own allegations in its complaint (Paragraph 10), an ADA-accessible parking space existed at the time of the commencement of this action.

2. **PLAINTIFF'S CLAIM REGARDING THE PHARMACY ARE FALSE**

Plaintiff alleges that on August 2, 2013,[4] he went to Defendant's business, parked in the parking lot, entered that business, but "the Drug Store did not have the prescription item I needed." These statement were made under penalty of perjury.

However, the truth is that the Drug Store had *NO* prescriptions. The "Drug Store" did not exist. Defendant sold its pharmacy business to Walgreens. The date of the transfer of all of the files (clients/customers) was *June 14, 2013* – more than a month and a half before Plaintiff allegedly went into the (non-existent) pharmacy. At that point, all of the pharmacy-related items were removed from the business location. From that date of transfer, Defendant could not and did not dispense any prescriptions. The fact that the pharmacy had been closed was and is obvious to anyone actually coming into the business. Because the pharmacy was closed, Defendant would not have told Mr. Duarte that it did not have his prescription, as he states; rather, he would have been informed that the pharmacy department is *closed* and the records were transferred to Walgreens. (DF9)

The foregoing raise substantial doubts as to Plaintiff's assertion that there are no triable facts.

## III.

## LEGAL STANDARD

1. **STANDARD FOR SUMMARY JUDGMENT**

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). On a motion for summary judgment, the district court's "function is not . . . to weigh the evidence and determine the truth of the

---

[44] He then equivocates on the point, claiming that it might have been then but he just isn't sure. Plaintiff's declaration, ¶10. Ambiguity is not a strategy when claiming there are no triable facts.

matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)

The moving party bears the initial responsibility to point to the absence of evidence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party has the burden of proof at trial, the moving party can carry its initial burden by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim . . . [or by] demonstrat[ing] . . . that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 323. Where the moving party has the burden of proof at trial, "the movant must make a stronger claim to summary judgment by introducing supporting evidence that would conclusively establish movant's right to a judgment after trial should nonmovant fail to rebut the evidence." 11 MOORE'S FEDERAL PRACTICE § 56.13[1] (2006 ed.).

Only after the moving party meets its initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*, 477 U.S. at 324). This means that the evidence is such that "a jury could reasonably render a verdict in [the nonmoving party's] favor." *Id.* at 387 (citing *Anderson*, 477 U.S. at 252). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**2.  PLAINTIFF CAN ONLY ADVANCE CLAIMS ALLEGED IN THE COMPLAINT**

Rule 8 requires a plaintiff to identify the barriers that constitute the grounds for his ADA claim in the complaint itself. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) ("[A] plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere.").

# IV.

# DISCUSSION

## 1. THE FEDERAL ADA CLAIM IS MOOT

### A. Federal Courts Only Hear Actual Cases or Controversies

Under Article II of the United States Constitution, federal courts may only adjudicate actual cases or controversies, where true adversarial interests give rise to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).

This issue is one of standing and mootness. Standing, in the jurisdictional sense is based on the facts as they exist at the time the complaint is filed. *Mangual v. Rotger-Sabat*, 317F. 3rd 45, 58 (1st Cir. 2003). However, a plaintiff's stake is not frozen at the moment the lawsuit is filed; he must maintain a personal interest in the outcome throughout the litigation or the controversy becomes moot and nonjusticiable despite the court's retention of subject matter jurisdiction. *Steir v. Girl Scouts of the USA*, 383F.3rd 7, 18 (1st Cir. 2004).

As part of the actual case or controversy requirement, plaintiffs must have standing *through* the litigation of the lawsuit. 15 MOORE'S FEDERAL PRACTICE § 102.32 (Matthew Bender 3rd ed.). If a plaintiff loses standing at some point in the litigation, the case becomes moot. See *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (holding that parties must maintain a personal stake in the litigation throughout trial and appeal). Courts are required to examine *sua sponte* jurisdictional issues such as standing. See *BC by & Through Powers v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).

In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) causal connection between the injury and the conduct complaint of; and (3) *likelihood that a favorable decision will redress the wrong*. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate that a case is moot, the Defendant must

show that the issues involved are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 44 U.S. 625, 631 (1979). As discussed below, that is not the case here.

### B. There is no Longer any Basis for Relief under the ADA

#### 1. There must be a *Continuing* Right to Injunctive Relief

Under the ADA, a plaintiff must establish standing sufficient to seek injunctive relief. See 42 U.S.C. § 12188(a) (stating that the available remedies are those set forth in section 2000a-3(a), that *only* provides for injunctive relief to private parties). See also *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). A plaintiff is only entitled to injunctive relief under the ADA if he is "*being* subjected to discrimination on the basis of disability ... or ... has reasonable grounds for believing [he] is *about to be* subjected to discrimination." *Id.* at (a)(1) (emphasis added).

Under the ADA, such deterrence must also be based upon "reasonable grounds." See 42 U.S.C. § 12188(a)(1). The relevant issues here are (1) whether Plaintiff has reasonable grounds for current deterrence, and (2) whether Plaintiff remains currently deterred, from returning to Defendants' premises.

Plaintiff's federal claim falls short because Plaintiff lacks "reasonable grounds" for being deterred from Defendant's business based on conditions in the parking lot alleged in the complaint because those conditions alleged in the complaint do not exist.

When a plaintiff seeks injunctive relief in anticipation of future injury, the Supreme Court has held that exposure to past illegal conduct does not give rise to an actual or imminent injury unless there are "*continuing, present adverse effects*" and a plaintiff shows that "*there is a real and immediate threat of repeated injury*." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (emphasis added), quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-6 (1974).

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

Since standing is an "indispensable part of the plaintiff's case," a plaintiff ultimately must do more than make allegations that, if true, would establish standing. *Lujan*, 504 U.S. at 561. Rather, a plaintiff bears the burden of proof <u>at each stage of the litigation</u> to establish those facts supporting standing. See *id*,; 15 MOORE'S FEDERAL PRACTICE at § 101.31 (Matthew Bender 3rd ed.).

"Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Kohler v. Bed Bath & Beyond of Cal., LLC*, No. 11-01246, 2012 WL 2449928, at *12 (C.D. Cal. June 27, 2012) (quoting *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011)).

The facts, as set forth in support of Defendant's motion for summary adjudication, this opposition to Plaintiff's motion, and even Plaintiff's motion itself, demonstrate that the cause of the injury alleged in the complaint is <u>gone</u>. Accordingly, there is no need for this court to issue any injunctive relief as there is no <u>reasonable</u> possibility that Plaintiff will be the subject of discrimination as alleged in the complaint.

### 2. **Plaintiff Cannot Claim Deterrence Based on Nonexistent Conditions**

Once injunctive relief claims are resolved, the federal claims are moot. *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (1997); *Dufresne v. Veneman*, 114 F.3d 952, 953-954 (9th Cir. 1997); *Pickern v. Best Western Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002).

The issues alleged in the complaint no longer exist. There are no reasonable grounds for fear by Plaintiff – or anyone else for that matter – that there are or will be any barriers proscribed under the ADA as alleged in Plaintiff's complaint.

Standing based on deterrence requires not only a showing of "discriminatory conditions" but also that a "plaintiff is aware of [the conditions] and *remains deterred*." *Pickern*, 293 F.3d at 1137 (emphasis added); *see also Moreno v. G&M Oil Co.*, 88 F.Supp.2d 1116 (C.D. Cal. 2000).

There is no case or controversy here where the entirety of the claim in Plaintiff's complaint assumes a condition that does not exist.

### C. Plaintiff's Attempt to Raise New Claims Should be Rejected

Plaintiff has not sought leave to file an amended Complaint. FRCP 8 requires a plaintiff to identify the barriers that constitute the grounds for his ADA claim in the complaint itself. *Oliver, supra*, 654 F.3d 903 at 909 ("[A] plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere."). As Plaintiff has failed to amend his Complaint, has failed to seek leave to amend his Complaint, and has failed to explain why he has chosen not to do either, this Court should decline to consider the new barriers that Plaintiff presented for the first time in his motion for summary judgment.

## 2. THERE ARE SIGNIFICANT TRIABLE ISSUES OF FACT WITH RESPECT TO PLAINTIFF'S STATE CLAIMS

As discussed above, Plaintiff bears the burden not only of carrying his case but of demonstrating at this point that there is no genuine issue of material fact.

However, as noted in the discussion of facts, *supra*, there are serious issues with Plaintiff's claims centering on his story.

### A. Plaintiff's Claims as to When He Visited Are Not Credible and are Critical to the Claim that *HE* Actually visited the Property

Firstly, regarding the date of Plaintiff's so-called visit, he claims in the complaint that it was *in August*. (Complaint, ¶8). In his declaration in support of

his motion for summary judgment, he further elaborates that it was August 2nd but then backpedals.

> My best recollection is that this took place on August 2, 2013 but I could be slightly off on my estimation. But it was in and around this time period.

As a simple matter of proof, Plaintiff claimed that he took photographs. Unless he took film pictures that were sent off for developing, his original photographs would be the best evidence of the date that he took those photographs. However, he never offered them in evidence.

He claimed that he asked a stranger to move his van but offered no evidence – not even a photograph of the stranger – to corroborate this claim.[5] This is all the more curious in light of the fact that he claims that he took pictures of the stranger.[6]

In sum, Plaintiff, in his moving papers, did not offer evidence that he took the pictures offered, or that they were of the property on the date that he alleged that he went to Defendant's business.

On the other hand, Defendant offered evidence that by the date that Plaintiff claimed that he went to the business, the parking lot had been restriped.

While there is conflicting evidence – evidence of striped parking spaces and a sign and evidence of the lack of the same – what is critical is that Plaintiff's story regarding *his* encounter is not credible. It is *his* presence that creates standing and not the encounter of some other unnamed and heretofore undisclosed person.

The foregoing is sufficient to establish a material triable fact that defeats Plaintiff's motion.

---

[5] A curious lapse on Plaintiff's part, all the more unbelievable given his substantial experience bringing these very sorts of lawsuits.

[6] This Court should reject any effort by Plaintiff to offer such evidence for the first time in his reply brief were the evidence was available to him earlier and he was not prevented from offering it in his moving papers.

### B. Plaintiff's Claims That He Went to the Pharmacy Are Not Credible and Contradicted by Unequivocal Evidence

This Court, in ruling on Plaintiff's motion, is to believe Defendant's evidence and draw all justifiable inference in Defendant's favor. *Anderson*, 477 U.S. at 255.

Plaintiff's claim, largely dependent on hearsay (the doctor, Plaintiff's Decl, ¶5-6), centers around the claim that he was directed to Defendant's pharmacy.

The problem is that Defendant's pharmacy had ceased to exist long before anyone told Plaintiff to go there. (DF9)

It makes no sense that a doctor, allegedly operating "near" to Defendant's business, would not have known that more than a month before the pharmacy was closed. In fact, it strains all credibility.

Moreover, despite obvious evidentiary issues such as the hearsay-riddled declaration, Plaintiff did not offer any tangible, corroborative evidence, such as a declaration from the doctor, prescription, or photographs of the interior of Defendant's business.

On the basis of the foregoing, it is reasonable for this Court to infer – to conclude – that Plaintiff's lack of evidence is the functional equivalent of an admission of the presence of substantial factual disputes that would defeat his motion.

### C. There is a Material Factual Disputes as to Whether Plaintiff Himself Ever Encountered a Barrier for which He is Entitled to Relief Under State Law

Under state law, in order to prevail on his claim for damages, Plaintiff must demonstrate that <u>he</u> was the victim of discrimination.

Under Civil Code section 55.56(a), a plaintiff alleging a violation of either the Unruh Civil Rights Act, CIVIL CODE §§51 *et seq.*, or the Disabled Persons Act, CIVIL CODE, §§ 54 & 54.1, may recover statutory damages <u>only</u> if the violation

denied him or her full and equal access to the place of public accommodation on a particular occasion.

Under section 55.56(b), "a plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." However, under section 55.56(d),

> "A plaintiff demonstrates that he or she was deterred from accessing a place of public accommodation on a particular occasion only if *both of the following apply*:
> (1) The plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion.
> (2) The violation or violations *would have actually denied the plaintiff full and equal access* if the plaintiff had accessed the place of public accommodation on that particular occasion.

(emphasis added)

That section 55.56 explicitly requires that a plaintiff demonstrate that the allegedly offending condition result in a denial of access was made clear in *Mundy v. Pro-Thro Enterprises*, 192 Cal. App. 4th Supp. 1 (2011). There, the court, affirming the trial court's judgment in favor of defendant, stated:

> "to prevail on the Act claim, appellant was required to prove that he was denied full and equal access after personally encountering an ADA violation."

Given the substantial issues with Plaintiff's story, the equivocation regarding dates, the absence of any photograph corroborating his story of personally visiting the parking lot, and, perhaps most significantly, his stunningly wrong description of the interior of the building – notably the LACK of a pharmacy – this Court could not only conclude that there is a triable fact that requires denial of Plaintiff's motion but, on the flip-side, also conclude that Plaintiff never personally encountered a barrier for which he would be entitled to any relief.

# V.

# CONCLUSION

Defendants would like nothing more than to have this case resolved (in their favor of course) at an early point in litigation. It isn't about access. It is assuredly about fees.

That said, in his enthusiasm to get to that point, Plaintiff has overlooked facts crucial to his claim. For purposes of a trial, not offering supporting evidence and getting essential facts wrong would be fatal to Plaintiff's claim.

But in the context of his motion, such fundamental failings merely demonstrate material issues of fact for which Plaintiff's motion should be DENIED.[7]

Dated: October 6, 2014          LAW OFFICES OF STEPHEN ABRAHAM

By: _____
Stephen E. Abraham
Attorneys for DEFENDANT M&L BROTHERS PHARMACY, INC.

---

[7] And amply support this Court's granting of Defendant's motion and request to decline supplemental jurisdiction over state claims the facts of which are seriously in doubt if not suspect altogether.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On October 6, 2014, I served the foregoing document described as: **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** thereon on all interested parties in this action as follows:

Raymond G. Ballister          Representing Plaintiff
Phyl Grace
P.O. Box 262490
San Diego, CA 92196-2490
Telephone: (858) 375-7385
Facsimile: (888) 422-5191
e-Mail: phylg@potterhandy.com

[x]   **e-Filing pursuant to Court order**

Executed on October 6, 2014, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Stephen E. Abraham

**Stephen E. Abraham**
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608