**LAW OFFICES OF STEPHEN ABRAHAM**
Stephen E. Abraham, Esq. (STATE BAR NO. 172054)
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorneys for DEFENDANT M&L BROTHERS PHARMACY, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO DUARTE,<br><br>        *Plaintiff*,<br><br>v.<br><br>M&L BROTHERS PHARMACY, INC., a California limited liability company; a California corporation; and Does 1-10,<br><br>        *Defendant*. | Case No. CV 14-00029-ODW (Ex)<br><br>Hon. Otis D. Wright II<br><br>**DECLARATION OF MORGAN JONES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom: 11<br><br>Hearing: Monday, October 27, 2014<br>Time: 1:30 p.m.<br><br>**Trial: January 6, 2015** |

**DECLARATION OF MORGAN JONES**

I, Morgan Jones, declare:

1. All the statements contained herein are made and based on my personal knowledge and if called as a witness I could and would testify competently thereto.

2. I am an officer of defendant M&L BROTHERS PHARMACY, INC. and the operator of the business establishment, the property that is the subject of

this lawsuit. In performing those duties, I am familiar with most aspects of the business, including those matters relating to its physical condition.

3. Prior to the date that I was served a copy of the complaint, I had no notice whatsoever that Plaintiff had attempted to patronize Defendant's business. Rather the first time that I learned even of Plaintiff's existence was when Defendant was served with a copy of the complaint. Plaintiff never made a pre-litigation demand.

4. Attached hereto as Exhibit 1 is a photograph of the entrance to the parking lot servicing the business. The photograph at Exhibit 1 accurately depicts the entrance signage and addresses the claim by Plaintiff that the tow away signage is absent.

5. Attached hereto as Exhibit 1 is a photograph of the entrance to the parking lot servicing the business. The photograph at Exhibit 1 accurately depicts the entrance signage and addresses the claim by Plaintiff that the tow away signage is absent.

6. Attached hereto as Exhibit 2 for identification is a google earth photograph of the business from the street view. The photograph depicts the front of the business, including the front of other business that share the building.

7. Attached hereto as Exhibit 3 for identification is a google earth photograph of the parking lots in the vicinity of Defendant's business. The parking lot adjacent to the business framed in blue is the only parking lot servicing the business. The business has 7 parking spaces, including the handicap space. The parking lot framed in red is not part of Defendant's business and does not service the business. The picture is older and does not reflect the painted lanes in Exhibit 4.

8. Attached hereto collectively as Exhibit 4 are pictures of the handicap parking spaces, including signage, and access aisle. The photographs at Exhibit 2 accurately depict the parking spaces and address the claims by Plaintiff that the

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

parking lot lacked handicap parking, a no parking notification on the access aisle, and that the paint was faded.

9. With respect to Plaintiff's photographs, these do not accurately depict conditions as I understand them to have existed, whether at the time that Plaintiff claims he went to Defendant's business or, as indicated below, at any time.

10. With respect to Plaintiff's first picture (Doc 19-6, page 1 of 16), the circled space and the space indicated by the upper red arrow are not part of Defendant's parking spaces. Defendant only operates the business at the lower right hand corner, formerly the drug store, and does not control any spaces other than those immediately to the left (in the first picture) of Defendant's business.

11. With respect to photographs at pages 2 through 4, 7, and 8 (Doc 19-6), those signs were not placed on the wall by me but, instead, by another business owner. I do not control any other spaces in the two parking lots, all of which are designated for other businesses.

12. As far as the striping depicted in the photographs goes, prior to even knowing about this lawsuit – in fact prior to when Plaintiff alleged that he went to my business – I arranged to have the parking area restriped.

13. Attached as Exhibit 5 is the Bill Payment Stub to Centerline Striping for the repainting of the parking space and access aisle. My best recollection is that the striping was done before this payment was made.

14. Regarding the photographs at pages 9 and 10, Plaintiff's claim that the sign indicates additional parking mischaracterizes what the sign was intended to show. It does not state that there is additional parking – and in fact there is not for Defendant's business. Rather, the additional parking sign was put up by the owner of a bar in a near-by business served by the parking lots to advise and encourage his patrons to continue through Defendant's lot to the other parking areas.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

15. The photographs at pages 14 through 16 are not of parking spaces in Defendant's area and are not available for Defendant's business. Rather, they belong to other business at that site.

16. With respect to Plaintiff's claim that he went to Defendant's pharmacy on or around August 2, 2013, that would not have been possible. Defendant sold its pharmacy business to Walgreens. The date of the transfer of all of the files (clients/customers) was June 14, 2013. At that point, all of the pharmacy-related items were removed from the business location. From that date of transfer, Defendant could not and did not dispense any prescriptions. The fact that the pharmacy had been closed was and is obvious to anyone coming into the business. Because the pharmacy was closed, Defendant would *not* have told Mr. Duarte that it did not have his prescription, as he states; rather, he would have been informed that the pharmacy department is *closed* and the records were transferred to Walgreens.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on October 6, 2014 at Monterey Park, California.

_____/s/_____
Morgan jones

# EXHIBIT 1

## PHOTOGRAPHS OF PARKING LOT ENTRANCE



# EXHIBIT 2

## GOOGLE EARTH DEPICTION OF BUSINESS



# EXHIBIT 3

## GOOGLE EARTH DEPICTION OF PARKING LOTS



# EXHIBIT 4

## PHOTOGRAPHS OF PARKING SPACES AND ACCESS AISLE



# EXHIBIT 5

## BILL PAYMENT STUB

**Bill Payment Stub**

Check Date: 7/29/2013
Check No.: 211680
Check Amount: 300.00

VICTORY ASSOCIATES
17325 BELLFLOWER BLVD.
BELLFLOWER, CA 90706

Paid To: CENTERLINE STRIPING
PO BOX 4518
DOWBNEY, CA 90241

| Date | Type | Reference | Original Amt. | Balance | Discount | Payment |
|---|---|---|---|---|---|---|
| 7/29/2013 | Bill | 1496B | 300.00 | 300.00 | | 300.00 |

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

3 - Jones Decl iso Opp to MSJ    5    CV 14-00029-ODW (Ex)
EXHIBITS TO JONES DECL ISO DEFENDANTS' OPP TO PLAINTIFF'S MSJ

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On October 6, 2014, I served the foregoing document described as: **DECLARATION OF MORGAN JONES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** thereon on all interested parties in this action as follows:

| | |
|---|---|
| Raymond G. Ballister<br>Phyl Grace<br>P.O. Box 262490<br>San Diego, CA 92196-2490<br>Telephone: (858) 375-7385<br>Facsimile: (888) 422-5191<br>e-Mail: phylg@potterhandy.com | Representing Plaintiff |

[x]    **e-Filing pursuant to Court order**

Executed on October 6, 2014, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Stephen E. Abraham