CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq. SBN 171771
Mail: PO Box 262490
     San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
     San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
Phylg @ potterhandy.com
     Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Francisco Duarte**, | **Case:** 2:14-CV-00029-ODW(Ex) |
| Plaintiff, | **Plaintiff's Opposition to the Defense Motion for Summary Judgment** |
| v. | |
| **M & L Brothers Pharmacy, Inc.,** a California Corporation; and Does 1-10, | Date:   October 27, 2014<br>Time:   1:30 P.M.<br>Ctrm:   11 |
| Defendants. | Hon. Otis D. Wright II |

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................i

TABLE OF AUTHORITIES ........................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES .............................1

   I.   PRELIMINARY STATEMENT ............................................1

   II.  RELEVANT FACTS .........................................................1

   III. THE CLAIM FOR INJUNCTIVE RELIEF IS NOT MOOT ..............3

   IV. CONCLUSION .............................................................4

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) ...................................................... 4

*Rush v. Denco Enterprises, Inc.*,
   857 F. Supp. 2d 969 (C.D. Cal. 2012) ...................................... 4

**Statutes**

2010 Standards § 502.4 ............................................................... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Mr. Durarte, a wheelchair user, lives about 10 minutes from the defendants' pharmacy. When he went to fill a prescription, he discovered that there was not a single handicap parking space in the defendant's parking lot. He parked in a regular stall and was trapped out of his vehicle when he returned. He took photographs of the violation. He filed suit. The defendant has installed an accessible or handicap parking space but it is not quite compliant yet. The defense argument that the parking is compliant and the federal claim rendered moot is controverted and summary judgment for the defendant cannot be granted.

### II.   RELEVANT FACTS

Plaintiff Francisco Duarte is a paraplegic; he cannot walk and uses a wheelchair for mobility. Exhibit 1 (Duarte Dec), ¶ 2. Francisco Duarte drives a blue Toyota Sienna van with a lift that deploys from the passenger side permitting him to enter and exit his van in his wheelchair. *Id.* at ¶ 3. The plaintiff lives 10 minutes from the Victory Drug Store located at 17315 Bellflower Blvd., Bellflower, California. ("Victory Drug Store"). *Id.* at ¶ 4. His doctor's office is also about 10 minutes from this drug store. *Id.* at ¶ 4. Defendant M&L Brothers Pharmacy, Inc. owns and operates the Victory Drug Store. Answer of Defendant (ECF Entry 10), ¶ 2.

On or about August 2, 2013, the plaintiff went to the Victory Drug Store with a prescription from his doctor. Exhibit 1 (Duarte Dec) ¶ 5. There is a small parking lot immediately outside of the west entrance of the Victory Drug Store. *Id.* at ¶ 6. Unfortunately, at the time of the plaintiff's visit, there was not a single parking space marked as reserved for persons

with disabilities. *Id.* at ¶ 6. The plaintiff parked in a regular parking stall and entered the Victory Drug to handle his business. *Id.* at ¶ 7.

When the plaintiff finished in the store and returned to his van, he discovered that there was a car parked in the stall adjacent to his and, therefore, there was not enough room to deploy his van's lift; he was trapped. *Id.* at ¶ 8. The plaintiff had little choice but to give a stranger his keys and ask him to move his van enough to let him deploy his lift. *Id.* at ¶ 9. The plaintiff was greatly discomforted by this experience and took photographs of the trapped van and the stranger moving it for him. *Id.* at ¶ 9; Exhibit 3 (Photos), Photos 2-6.

Sometime after the date of plaintiff's visit, a handicap parking space was installed in this parking lot at the Victory Drug Store. Exhibit 2 (Expert Bishop's Dec) ¶ 11; Exhibit 3 (Photos), photos 7-8, 11. In September of 2014, Plaintiff's expert conducted a site inspection to determine if the parking space was compliant. Exhibit 2 (Bishop Dec), ¶ 6. Mr. Bishop discovered that there are slopes within the parking stall and access aisle that measure as high as 2.9% and 3.0%. *Id.* at ¶ 12-13; Exhibit 2 (Photos), photos 12-13. The parking is not yet compliant.

The Victory Drug store carries medical supplies and items specifically for persons with disabilities and Mr. Duarte enjoyed browsing the store and noted the numerous items (including ramps, specialty ramps, mobility devices and much more) that he would have reason to shop for in the future. Exhibit 1 (Plaintiff's Dec), ¶ 11. He is pleased to have discovered this store so close to his home and he looks forward to shopping it when the parking lot is compliant. *Id.*

### III.   THE CLAIM FOR INJUNCTIVE
### RELIEF IS NOT MOOT

The basis of the defense motion for summary judgment is two-fold: (1) that the only parking serving the Victory Drug store is the small parking lot of seven total spaces located to the immediate west of the Victory Drug store and (2) that this small lot has parking that complies with the ADA. Both of these claims are controverted.

First, the signs posted at the site clearly indicate that both the parking in the south-west lot and the larger lot on the north side serve the Victory Drug store. Photos numbered 2-4 and 7-8 show a sign in the small lot says, "Additional Parking" and has an arrow pointing to the north parking lot. Photos 9 and 10 show a sign painted on the wall of the small lot stating that you can drive through to the north side for "parking" for Victory Drug store and the Riccis Italian Deli. Thus, the signs at the property clearly indicate that the parking in the northern lot serves the Victory Drug store.

More importantly, the handicap or accessible parking space that was newly installed in the western lot does not comply with the ADA. Because this parking space was installed in 2013, it must comply with the 2010 Standards. Under the 2010 Standards, changes in level are not permitted. 2010 Standards § 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. 2010 Standards § 502.4. Here, there are slopes that measure as much as 2.9% and 3.0% within the parking stall and access aisle. The parking space is not yet compliant.

If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." *Rush v. Denco Enterprises, Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted). "Any element in facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal position of the Department of Justice). These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches." *Id.*

The plaintiff's claim for injunctive relief is not moot. The defense motion for summary judgment must be denied.

## IV.   CONCLUSION

The plaintiff respectfully requests this Court deny the defense motion.

Dated: October 5, 2014          CENTER FOR DISABILITY ACCESS

/s/ Mark Potter
By:_____
Mark Potter, Esq.
Attorneys for Plaintiff