**LAW OFFICES OF STEPHEN ABRAHAM**
Stephen E. Abraham, Esq. (STATE BAR NO. 172054)
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorneys for DEFENDANT M&L BROTHERS PHARMACY, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DUARTE, <br><br> *Plaintiff*, <br><br> v. <br><br> M&L BROTHERS PHARMACY, INC., a California limited liability company; a California corporation; and Does 1-10, <br><br> *Defendant*. | Case No. CV 14-00029-ODW (Ex) <br><br> Hon. Otis D. Wright II <br><br> **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION** <br><br> **REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION** <br><br> Courtroom: 11 <br><br> Hearing: Monday, October 27, 2014 <br> Time: 1:30 p.m. <br><br> **Trial: January 6, 2015** |

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY ...................................................................... 1

II. RESPONSE TO PLAINTIFF'S SO-CALLED RELEVANT FACTS .................................................................................................................. 2

    1.    The Federal Claims are Moot ........................................................................ 3

        A.    Plaintiff's Claims Regarding Spaces Not Belonging to Defendant Are Irrelevant and Do Not Support Plaintiff's Federal Claims Against This Defendant ................... 3

        B.    Plaintiff Can Only Advance Claims Alleged in the Complaint and Not Raise New Claims in Opposition to Summary Adjudication In Order to Rescue His Moot Federal Claims ......................................................................... 4

    2.    Plaintiff Offers No Argument in Support of Exercising Jurisdiction Over the State Claims ............................................................ 5

**III. CONCLUSION** .................................................................................................. 5

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

# I.

# INTRODUCTION AND SUMMARY

In opposition to Defendant's motion for summary judgment, Plaintiff does not respond to the substantive issues in this case; rather, he ignores them. The federal claims set forth in Plaintiff's complaint are moot. Plaintiff's only response is to argue about conditions that are *not* in his complaint.

As to the other so-called issues of fact, Plaintiff continues to argue that scores of parking spaces were present but none of them compliant, all the while ignoring the undisputable fact that none of those spaces belonged to Defendant. Again, Plaintiff just chooses to ignore facts and thusly create – rather than identify – genuine triable issues of fact. Going through Plaintiff's statement of "relevant facts," one is left with the distinct impression that Plaintiff is not one to let facts get in the way of his story.

Ultimately, beyond why this Court should not deem the federal claim moot and decline supplemental jurisdiction over the state claims, the only real question is whether Plaintiff's state claims are meritless, premised on a timeline that simply could not have happened as Plaintiff described it.[1] That said, Defendant is not asking for this Court to rule on the state claims but, rather, to decline to rule on them.

The federal claims in Plaintiff's complaint are moot. Plaintiff has not moved to amend the complaint nor, in his opposition, even hinted as much. This Court should see Plaintiff's opposition for what it is … a study in issue avoidance.

Based on the foregoing, this Court should GRANT Defendant's motion for summary adjudication and dismiss the state claims without prejudice.

---

[1] As set forth in Defendant's opposition to Plaintiff's motion for summary judgment, there are serious holes in Plaintiff's story, beginning with the fact that the pharmacy had been closed long before Plaintiff allegedly went searching for a prescription.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

Reply iso D's MSJ    1    CV 14-00029-ODW (Ex)
REPLY ISO DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION

# II.

# RESPONSE TO PLAINTIFF'S
# SO-CALLED RELEVANT FACTS

In his opposition (Doc. 25), Plaintiff sets forth five paragraphs of what he calls relevant facts. In fact, almost all of them are irrelevant.

As to paragraph one (4:15-23),[2] none of these are controverted and certainly not relevant to the issues raised by Defendant's motion. Instead, each so-called fact rises to the level of "so what."

With respect to the second paragraph (4:24-5:2), there is a serious issue with the *story* regarding Plaintiff's visit in light of the fact that the pharmacy no longer existed as of more than a month before Plaintiff's visit and the parking lot had already been restriped.

The third paragraph (5:3-10) then becomes largely irrelevant because it does not describe any condition of *Defendant's* portion of the parking lot. That Plaintiff chose to focus on someone else's parking lot is entirely irrelevant, whether that lot was adjacent or miles away.

The fourth paragraph (5:11-18) is revealing in light of Plaintiff's willingness to *play* with facts. He asserts that the parking lot was restriped after his visit but provides no authority for that claim. It is just a "fact" to be accepted, notwithstanding the fact that Defendant's declaration and evidence of payment more strongly suggest a date of restriping *before* Plaintiff allegedly visited the property.

Moreover, as to the claim of a slope in the parking stall, this claim appears nowhere in the complaint. As discussed in the following section, this is not just an issue for the federal claim but would pose a serious problem for Plaintiff's state claims because he never actually encountered the barrier.[3]

---

[2] Page numbers stated are the ECF Document page number and not internal page numbers.

[3] For the obvious reason that he admitted to having not parked in the space.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

Finally, as to the last paragraph (5:19-25), while there is little reason to doubt Plaintiff's "pleasure" about "discovering" this store, there is a rather serious question as to what really informs Plaintiff's emotional response to his discovery. There is nothing about the interior of the business that Plaintiff accurately described and, in fact, his description of events inside were nothing short of ludicrous. Whether he is likely to return in the future is of little relevance. What is certain is that he will not be returning to obtain prescriptions in light of the fact that the pharmacy does not exist and did not exist when last he allegedly visited.

In sum, Plaintiff's factual narrative is little more than a display of misdirection, an assemblage of irrelevant matter that does not address the merits of Defendant's motion.

1. **THE FEDERAL CLAIMS ARE MOOT**

    A. **Plaintiff's Claims Regarding Spaces Not Belonging to Defendant Are Irrelevant and Do Not Support Plaintiff's Federal Claims Against This Defendant**

With respect to the parking lot, Plaintiff claims that two issues preclude granting Defendant's motion. Plaintiff is wrong as to both of them.

Firstly, Plaintiff points to various signs and claims that these are proof that Defendant really owns, operates, or utilizes those other parking spaces.

As noted in the Declaration of Morgan Jones (Doc. 16-1, ¶5) and associated statement of fact (Doc 17, DF2), Defendant's business has only seven parking spaces and no others.

Moreover, as elaborated in Defendant's opposition to Plaintiff's motion, the signs to which Plaintiff points were not installed by Defendant and are not intended to add to or complement Defendant's parking or business. (Doc 22-1, ¶¶14-15) Rather, they were installed by other business owners for reasons independent of Defendant's business.

### B. Plaintiff Can Only Advance Claims Alleged in the Complaint and Not Raise New Claims in Opposition to Summary Adjudication In Order to Rescue His Moot Federal Claims

As far as the new allegations of noncompliant conditions raised in opposition to Defendant's Motion for Summary Adjudication, these should not be considered by the Court in ruling on Defendant's motion.

Rule 8 requires a plaintiff to identify the barriers that constitute the grounds for his ADA claim in the complaint itself. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) ("[A] plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere.").[4]

As noted in Defendant's moving papers, the only claims before this Court are those raised in Plaintiff's complaint – the alleged absence of painted parking space and access aisle.

Raising new claims in opposition briefs does not properly place them before this Court.

Plaintiff has not sought leave to file an amended Complaint. FRCP 8 requires a plaintiff to identify the barriers that constitute the grounds for his ADA claim in the complaint itself. *Oliver*, *supra*, 654 F.3d 903 at 909 ("[A] plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere."). As Plaintiff has failed to amend his Complaint, has failed to seek leave to amend his Complaint, and has failed to explain

---

[4] Despite raising this legal issue in the context of Plaintiff's motion for summary judgment (whether the attempt to introduce new claims is equally improper), Plaintiff does not even address this point anywhere in its rather short brief in opposition to Defendant's motion. Nevertheless, ignoring Defendant's argument does not make it disappear.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

why he has chosen not to do either, this Court should decline to consider the new barriers that Plaintiff presented in his opposition to Defendant's motion.

### 2. PLAINTIFF OFFERS NO ARGUMENT IN SUPPORT OF EXERCISING JURISDICTION OVER THE STATE CLAIMS

With respect to the state claims, Plaintiff makes no argument at all regarding the issue of whether this Court should exercise supplemental jurisdiction.

In light of Plaintiff's acquiescence on the matter, this Court can and should conclude that there are no grounds for retaining jurisdiction over the state claims.

## III.
## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that its motion for summary adjudication should be GRANTED.

Furthermore, Defendant requests that this Court, taking up the issue of subject matter jurisdiction at this moment in the litigation, having satisfied itself that the current conditions do not give rise to a claim for relief under the ADA, decline to exercise supplemental jurisdiction and dismiss this action.

Dated: October 9, 2014

LAW OFFICES OF STEPHEN ABRAHAM

By: /s/ Stephen E. Abraham

Stephen E. Abraham
Attorneys for DEFENDANT M&L BROTHERS PHARMACY, INC.

**Stephen E. Abraham**
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

   On October 9, 2014, I served the foregoing document described as: **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION** thereon on all interested parties in this action as follows:

| | |
|---|---|
| Raymond G. Ballister<br>Phyl Grace<br>P.O. Box 262490<br>San Diego, CA 92196-2490<br>Telephone: (858) 375-7385<br>Facsimile: (888) 422-5191<br>e-Mail: phylg@potterhandy.com | Representing Plaintiff |

   [x]   **e-Filing pursuant to Court order**

   Executed on October 9, 2014, at Newport Beach, California.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Stephen E. Abraham

Reply iso D's MSJ                                                                                       CV 14-00029-ODW (Ex)

PROOF OF SERVICE