**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| FRANCISCO DUARTE,<br>　　　　Plaintiff,<br>　　v.<br>M&L BROTHERS PHARMACY INC.;<br>DOES 1-10, inclusive,<br>　　　　Defendants. | Case No. 2:14-cv-00029-ODW(Ex)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION [16] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [19]** |

## I.   INTRODUCTION

Before the Court are Defendant M&L Brothers Pharmacy's Motion for Summary Adjudication and Plaintiff Francisco Duarte's Motion for Summary Judgment. (ECF Nos. 16, 19.) Duarte's claims against M&L arise out of barriers to handicap accessibility that he allegedly encountered in the parking lot of Victory Drug Store, a business owned by M&L. This Court's subject-matter jurisdiction is based on Duarte's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

M&L moves for summary judgment on Duarte's ADA claim, arguing that the claim is now moot, and asks the Court to decline to exercise supplemental jurisdiction over the remaining state- and common-law claims. Conversely, Duarte moves for

summary judgment on all of his claims, arguing that barriers in violation of the ADA still exist in the parking lot. For the reasons discussed below, the Court **GRANTS** M&L's Motion (ECF No. 16) and **DENIES** Duarte's Motion (ECF No. 19).

## II. FACTUAL BACKGROUND

Duarte is a paraplegic and uses a wheelchair for mobility. (Duarte Decl. ¶ 2.)[1] He states that "on or around" August 2, 2013, following his doctor's suggestion, he went to the Victory Drug Store to pick up a prescription. (*Id.* ¶ 5.) When he entered the parking lot adjacent to the drug store, he found that there were no parking spots reserved for people with disabilities. (*Id* ¶ 6.) Duarte states that he had no option but to park in a regular spot. (*Id.* ¶¶ 7–8.)

On January 2, 2014, after his visit to the Victory Drug Store, Duarte filed the Complaint against M&L asserting claims for (1) violations of the ADA; (2) violations of the Unruh Civil Rights Act, California Civil Code section 51; (3) violation of the California Disabled Persons Act, California Civil Code section 54; and (4) negligence. (ECF No. 1.) As alleged in the Complaint, Duarte's claims are based on improper signage and striping in the Victory Drug Store parking lot as well as an inadequate number of handicap-accessible parking spaces. (Compl. ¶¶ 14–19.) M&L owned and operated Victory Drug Store at the time of Duarte's visit. (Ans. ¶ 2.)

M&L filed the present Motion for Summary Adjudication on September 9, 2014. (ECF No. 16.) In support of the Motion, an officer of M&L states that he paid Centerline Striping to install a handicap-accessible parking space on July 31, 2013. (Jones Decl. ¶¶ 13–14.) The work was allegedly performed before the bill was paid. (*Id.*)

On September 29, 2014, Duarte filed his Motion for Summary Judgment. (ECF No. 19.) Duarte's Motion is largely based on an expert declaration that states that while the signage, striping, and number of parking spots in the drug store parking lot

---

[1] Duarte filed two identical declarations in support of his Motion for Summary Judgment and in opposition to M&L's Motion for Summary Adjudication. The Court makes no distinction between them in this Order.

are now compliant with the ADA, the slope of the handicap parking spaces exceeds the slope permitted by the ADA. (*See* Bishop Decl. ¶ 23.)

The Court held a hearing on both Motions on October 27, 2014 and the Motions are now before the Court for decision.

### III. LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial. *Id.*; Fed. R. Civ. P. 56(c). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### IV. DISCUSSION

In its Motion, M&L argues that Duarte's ADA claim is moot because M&L has already fixed the ADA violations alleged in the Complaint. (ECF No. 16.) M&L also contends that since the ADA claim is moot, the Court should dismiss the remaining

state- and common-law claims by declining to exercise supplemental jurisdiction. (*Id.*) On the other hand, Duarte moves for summary judgment, contending that the parking lot is still noncompliant with the ADA since the slope of the access aisle of the handicap spaces exceeds the limit under the law. (ECF No. 19.)

For the reasons discussed below, the Court finds that Duarte's ADA claim is moot and declines to exercise supplemental jurisdiction over Duarte's remaining claims that arise under state and common law.

**A. ADA Claim**

To prevail on his ADA claim, Duarte must show that he "is disabled within the meaning of the ADA; that the defendant is a private entity that owns, leases, or operates a place of public accommodation; and that the plaintiff was denied public accommodation by the defendant because of his or her disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.,* 603 F.3d 666, 670 (9th Cir. 2010). It is undisputed that Duarte is disabled within the meaning of the ADA and that M&L either owns, leases, or operates the Victory Drug Store and the adjacent parking lot. (Answer ¶ 2; ECF No. 27 at 2.) Therefore, this case turns on whether Duarte was denied public accommodations as alleged in his Complaint.[2]

In the Complaint, Duarte alleges that the Victory Drug Store parking lot violates the ADA because (1) the number of accessible parking spaces, (2) striping, and (3) signage are inadequate. (Compl. ¶¶ 14–19.) In its Motion, M&L argues that these alleged barriers are now compliant with the ADA since Centerline Striping fixed the barriers by July 30, 2013.[3] (Jones Decl. ¶ 6.) Under the ADA, injunctive relief is

---

[2] In his Complaint, Duarte included allegations involving an additional parking lot—the north lot. (ECF No. 19 at 6.) At the October 27, 2014 hearing, Duarte dropped all claims related to the north lot.

[3] M&L questions Duarte's credibility since he claims to have visited the drug store "on or about" August 2, 2013, and the parking lot was made compliant before July 30, 2013. M&L also points out that the pharmacy at the Victory Drug Store closed—although the store itself remained open—long before Duarte's alleged visit to pick up a prescription. While the Court is concerned with these facts, the Court finds that it need not reach the issue of Duarte's credibility in ruling on the instant Motions.

the only available remedy; thus, according to M&L, the ADA claim is moot. *See Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.") Duarte does not dispute that these specific barriers—the number of spaces, striping, and signage—are now ADA compliant. (Bishop Decl. ¶ 22.) Accordingly, the Court finds that Duarte's ADA claim is moot.

Duarte attempts to revive his ADA claim in his Motion for Summary Judgment by arguing that the slope of the handicap parking spaces at the Victory Drug Store does not comply with the ADA. (ECF No. 19; Bishop Decl. ¶ 23.) But M&L rejects Duarte's argument, contending that since Duarte did not make allegations about the slope of the parking spaces in his Complaint, he cannot raise the issue now at summary judgment. (ECF No. 22 at 9.)

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the ADA, the plaintiff must identify the barriers that support its claim for discrimination in the complaint itself. *Oliver,* 654 F.3d at 909. A defendant does not have fair notice of barriers if they are identified outside of the complaint. *Id.* Here, Duarte is seeking summary judgment on a barrier not alleged in the Complaint—the slope of the parking lot. But the Court finds that to "permit plaintiff to construe [his] complaint as entirely generic and, throughout the litigation, incorporate any new factual allegations without seeking amendment would read the 'fair notice' requirement out of Rule 8(a) and would seriously undermine the rule's goal of encouraging expeditious resolution of disputes." *Pickern v. Pier 1 Imports (U.S.), Inc.,* 339 F. Supp. 2d 1081, 1088 (E.D. Cal. 2004) *aff'd,* 457 F.3d 963 (9th Cir. 2006). It is now too late in the proceedings to grant Duarte leave to amend. Accordingly, the Court will not consider this barrier.

/ / /

### B.     Remaining Claims

Since the Court finds that Duarte's ADA claim is moot, the only remaining claims from Duarte's Complaint arise under state and common law.  A district court has authority to decline to exercise supplemental jurisdiction over state-law claims where it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  In declining to exercise supplemental jurisdiction, courts must take into consideration the factors of judicial economy, fairness, and comity.  *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966).  Here, Duarte's remaining claims are based entirely on state and common law.  A state court would be a better venue to adjudicate these claims.  Therefore, this Court declines to exercise supplemental jurisdiction over these claims and **DISMISSES** these claims **WITHOUT PREJUDICE**.  *See, e.g., Kohler v. Bed Bath & Beyond of California, LLC,* No. CV 11-4451 RSWL SPX, 2012 WL 3018320, at *9 (C.D. Cal. July 23, 2012) (finding that a state court would be a better venue for state-law claims); *Paulick v. Starwood Hotels & Resorts Worldwide, Inc.,* No. C-10-01919 JCS, 2012 WL 2990760, at *15 (N.D. Cal. July 20, 2012) (dismissing state law claims after granting summary judgment on ADA claims); *Hubbard v. 7-Eleven, Inc.,* 433 F. Supp. 2d 1134, 1150 (S.D. Cal. 2006) (granting summary judgment on ADA claims and dismissing remaining claims without prejudice).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** M&L's Motion for Summary Adjudication (ECF No. 16) and **DENIES** Duarte's Motion for Summary Judgment (ECF No. 19). Duarte's ADA claim is **MOOT** and the Court **DISMISSES** the remaining claims **WITHOUT PREJUDICE**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

November 4, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**